RITA PATERNOSTRO *v.* ARBORIO
CORPORATION ET AL.
(AC 18851)

O'Connell, C. J., and Hennessy and Vertefeuille, Js.

Argued October 20—officially released December 28, 1999

*Ross T. Lessack,* for the appellant (plaintiff).

*Nancy S. Rosenbaum,* for the appellees (defendants).

*Opinion*

O'CONNELL, C. J. The plaintiff, Rita Paternostro, the dependent widow of Francesco Paternostro, appeals from the decision of the workers' compensation review

board (board) affirming the workers' compensation commissioner's (commissioner) denial of her claim for survivor's benefits under General Statutes § 31-306. The plaintiff contends that the board improperly upheld (1) the commissioner's finding that the decedent was intoxicated at the time of his death, (2) the commissioner's finding that the decedent engaged in wilful and serious misconduct and (3) the commissioner's determination as to the proximate cause of the decedent's death. We affirm the decision of the board.

The following facts and procedural history are necessary to the resolution of this appeal. On October 14, 1994, at approximately 10:55 p.m., the decedent, Francesco Paternostro, was struck by an automobile as he walked across Interstate 84 westbound near exit 22 in Waterbury. Immediately following the accident, he was transported to Saint Mary's Hospital in Waterbury, where he was pronounced dead at 11:30 p.m.

At the time of the accident, the decedent was employed by the defendant Arborio Corporation as a member of a road crew assigned to erect warning signs along a section of Interstate 84. As a member of the sign crew and as the union steward, he was trained and familiar with the safety procedures for erecting the warning signs. On the evening of the accident, he was notified of an incorrect sign pattern and was instructed to correct the problem. He drove to the area, parked the company truck on the left shoulder of the highway and, in contravention of company policy, walked across three highway lanes to fix a sign located on the right shoulder of the highway. The accident occurred after he fixed the sign and was returning to his truck.

A plastic beverage cup emitting the odor of alcohol was found in the decedent's lunch box in the passenger compartment of the company truck. Also found in the passenger compartment were six full cans of beer and

one half-empty bottle of liquor. A blood sample drawn from the decedent by the office of the chief medical examiner at 9 a.m. on October 15, 1994, revealed a blood alcohol level of 0.18 percent.

The plaintiff submitted a claim for benefits under § 31-306, and on February 2, 1996, a hearing was held before the commissioner. The defendant employer and the defendant workers' compensation insurance carrier, Liberty Mutual Insurance Company, argued that the plaintiff was not entitled to benefits because the decedent's death was "due to the use of alcohol" under General Statutes § 31-275 (1) (C), and because his death was caused by wilful and serious misconduct or by his intoxication pursuant to General Statutes § 31-284 (a).[1]

James O'Brien, a physician and pharmacologist, testified that a person with a blood alcohol level of 0.18 percent would be presumed intoxicated and would have impaired judgment, vision and reflexes, and would have difficulty standing and a decreased ability to perceive danger. He further stated that it was possible that the decedent had reached the 0.18 percent blood alcohol level between 9 p.m. and 10:55 p.m. on the date of his death.

Timothy J. Arborio, a vice president of the defendant employer, presented evidence that the employer's policy prohibits employees from walking across an interstate highway. He testified that consumption of alcohol by an employee while on the job was prohibited. Ralph Keyes, the general superintendent of the employer, testified that the accident occurred at a heavily traveled and poorly lighted sharp curve in the highway. A state police accident reconstructionist testified that the decedent came into contact with the vehicle at the right

[1] General Statutes § 31-284 (a) provides in relevant part: "[C]ompensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intoxication. . . ."

front passenger door as he walked from the highway's right shoulder to its left shoulder, and that the contact occurred in the extreme left travel lane.

The commissioner found that the decedent had consumed alcohol to the point of intoxication during working hours, in violation of the employer's policy, and that this misconduct was wilful and serious. He further found that the decedent engaged in wilful and serious misconduct when he walked across the highway, in violation of the employer's policy, at a time when traffic was heavy and at a location where visibility was diminished. The commissioner concluded that "[the decedent's] intoxication when considered together with his attempt to cross the interstate highway constituted wilful and serious misconduct on the part of [the decedent] and was the cause of the injuries which ultimately resulted in his death." The commissioner determined that, because the decedent's death was the result of wilful and serious misconduct, the plaintiff was not entitled to compensation pursuant to § 31-284 (a) and that it was not necessary, therefore, to decide whether the decedent's intoxication caused his death for purposes of § 31-275 (1) (C). The plaintiff appealed to the board, which affirmed the commissioner's decision.

I

The plaintiff first claims that the board improperly affirmed the commissioner's finding that the decedent was intoxicated, asserting that this conclusion was based on an inference unreasonably drawn from the subordinate facts and an incorrect application of the law. To analyze the plaintiff's claims, we must first determine the appropriate standard of review.

The standard applicable to the board when reviewing a commissioner's decision is well established. The board sits as an appellate tribunal reviewing the decision of the commissioner. *Bowman* v. *Jack's Auto Sales*,

54 Conn. App. 289, 293, 734 A.2d 1036 (1999). "[T]he review [board's] hearing of an appeal from the commissioner is not a de novo hearing of the facts. . . . [T]he power and duty of determining the facts rests on the commissioner . . . ." (Internal quotation marks omitted.) *Tartaglino* v. *Dept. of Correction*, 55 Conn. App. 190, 192, 737 A.2d 993, cert. denied, 251 Conn. 929, 742 A.2d 364 (1999). The commissioner may base his or her findings on circumstantial evidence; see *Gaul* v. *Noiva*, 155 Conn. 218, 224, 230 A.2d 591 (1967); and may rely on expert testimony. See *State* v. *Blades*, 225 Conn. 609, 629, 626 A.2d 273 (1993). Where the subordinate facts allow for diverse inferences, the commissioner's selection of the inference to be drawn must stand unless it is based on an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. *Discuillo* v. *Stone & Webster*, 43 Conn. App. 224, 226, 682 A.2d 145 (1996), aff'd, 242 Conn. 570, 698 A.2d 873 (1997).

This court's review of decisions of the board is similarly limited. *Barron* v. *City Printing Co.*, 55 Conn. App. 85, 89, 737 A.2d 978 (1999). "The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." (Internal quotation marks omitted.) *Besade* v. *Interstate Security Services*, 212 Conn. 441, 449, 562 A.2d 1086 (1989). "[W]e must interpret [the commissioner's finding] with the goal of sustaining that conclusion in light of all of the other supporting evidence." (Internal quotation marks omitted.) *Weiss* v. *Chesebrough-Ponds USA Co.*, 51 Conn. App. 106, 110, 719 A.2d 1225 (1998). "Once the commissioner makes a factual finding, [we are] bound by that finding if there is evidence in the record to support it." (Internal quotation marks omitted.) *O'Reilly* v. *General Dynamics Corp.*, 52 Conn. App. 813, 818, 728 A.2d 527 (1999).

The evidence here supports the commissioner's finding that the decedent was intoxicated and, therefore, that finding must stand. The commissioner was presented with evidence that the decedent's blood alcohol level was 0.18 percent and that a person with that blood alcohol level would be impaired to the point of intoxication. The commissioner also heard evidence that a plastic beverage cup emitting the odor of alcohol, six full cans of beer and one half-empty bottle of liquor were found in the company truck, which the decedent was driving immediately prior to the accident.

In light of this evidence, the commissioner found that the decedent was intoxicated. This conclusion was properly based on inferences reasonably drawn from the subordinate facts and was a correct application of the law. Accordingly, the board's decision as to this issue is affirmed.

II

The plaintiff's second claim is that the board improperly upheld the commissioner's finding that the decedent engaged in wilful and serious misconduct.[2] The plaintiff claims that the commissioner could not properly conclude that the decedent's violations of the defendant's rules against consuming alcohol while on duty and crossing the highway constituted wilful and serious misconduct.

"[S]erious misconduct is wrong or improper conduct of a grave and aggravated character . . . [where] the injured employee appreciated at the time of injury that

---

[2] Even though we are satisfied that the commissioner properly concluded that the decedent was intoxicated, we must nonetheless review this claim because the commissioner did not conclude that intoxication, in isolation, proximately caused the decedent's death. Stated in the alternative, had the commissioner concluded that the decedent's "death [was] due to the use of alcohol" under § 31-275 (1) (C), or that his death was "caused . . . by his intoxication" under § 31-284 (a), it would not be necessary for us to discuss this claim.

he was exposing himself to serious injury." *Mancini* v. *Scovill Mfg. Co.*, 98 Conn. 591, 597, 119 A. 897 (1923). Wilful misconduct may be either intentional or reckless misconduct. *Caraher* v. *Sears, Roebuck & Co.*, 124 Conn. 409, 415, 200 A. 324 (1938). Reckless misconduct is "highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Internal quotation marks omitted.) *Dubay* v. *Irish*, 207 Conn. 518, 533, 542 A.2d 711 (1998).

The plaintiff claims that the commissioner was not presented with evidence that the decedent knew of the employer's rules prohibiting the consumption of alcohol while on duty and walking across a highway, and that a violation of these rules was, at best, negligent behavior. The commissioner, however, found that (1) the decedent was a union steward whose responsibility it was to communicate with management regarding safety and personnel issues, (2) the decedent's blood alcohol level was 0.18 percent, and that this level was attained by consuming alcoholic beverages while on duty, and (3) the area where the decedent attempted to cross the highway was at a dimly lit and heavily traveled sharp curve in the interstate highway. Under the circumstances, the rules violations could properly be considered to be grave, aggravated and highly unreasonable conduct representing an extreme departure from ordinary care, where a high degree of danger existed.

The evidence, therefore, supports the commissioner's finding that the decedent (1) was intoxicated, (2) had knowingly violated the employer's policy against consuming alcohol while on duty, (3) had knowingly violated the employer's policy against crossing the highway and (4) that the combination of these factors constituted wilful and serious misconduct that caused the

injuries leading to the decedent's death. We are persuaded that this conclusion was properly based on inferences reasonably drawn from the subordinate facts and was a correct application of the law, and that the board, therefore, properly affirmed the commissioner's conclusion as to this issue.

### III

The plaintiff claims finally that the board improperly affirmed the commissioner's application of the substantial causative factor test. She asserts that for the defendants to prevail, it must be established that the decedent's death was caused solely by either his intoxication or by his wilful and serious misconduct, and not by a combination thereof or by any other cause.

The plaintiff requests that this court apply the "sole proximate cause" standard to the affirmative defense of wilful and serious misconduct under § 31-284 (a). While this causation standard is used in defective highway actions under General Statutes § 13a-149; *Carbone* v. *New Britain*, 33 Conn. App. 754, 758, 638 A.2d 628, cert. denied, 230 Conn. 904, 644 A.2d 917 (1994), citing *White* v. *Burns*, 213 Conn. 307, 316, 567 A.2d 1195 (1990); it has never been applied in workers' compensation cases in Connecticut and we will not apply it here. Instead, the appropriate causation analysis under § 31-284 (a) is the substantial causative factor test. *Besade* v. *Interstate Security Services*, supra, 212 Conn. 449 ("traditional proximate cause concepts furnish the appropriate analysis for determining causation in workers' compensation cases"); *McDonough* v. *Connecticut Bank & Trust Co.*, 204 Conn. 104, 118, 527 A.2d 664 (1987). "[T]he test for determining whether particular conduct is a proximate cause of an injury [is] whether it was a substantial factor in producing the result." (Internal quotation marks omitted.) *Hines* v. *Davis*, 53 Conn. App. 836, 839, 731 A.2d 325 (1999).

The commissioner found that the decedent's intoxicated state, combined with the proscribed acts of consuming alcohol while on duty and crossing the highway, constituted wilful and serious misconduct that caused the injuries that resulted in the decedent's death. The board upheld the commissioner's determination that this conduct caused his death because the decedent's serious and wilful misconduct was, at least, a substantial cause of the accident.

Our review of the record persuades us that the commissioner properly concluded that the decedent's actions, in toto, constituted wilful and serious misconduct that proximately caused his death and that the board's decision was also proper. Accordingly, we deny the plaintiff's claim as to this issue.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.