[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE #101
On March 7, 2000, the plaintiff, Debbie Rodrigues, brought a complaint directed at the defendant, Robert L. Sudyk, alleging in three counts that the defendant operated his motor vehicle negligently, recklessly and in violation of General Statutes § 14-295, respectively. On April 17, 2000, the defendant filed a motion to strike the second and third counts of the complaint stating as the ground failure to state a cause of action.
The plaintiff alleged the following facts. On February 11, 2000, the plaintiff suffered injuries when the motor vehicles of the plaintiff and the defendant collided at the intersection of South Quaker Lane and Troutbrook Drive in the City of West Hartford. In the first count, sounding in negligence, the plaintiff alleged that the defendant negligently operated his motor vehicle in violation of the common law and General Statutes §§ 14-218a, 14-242 (e), 14-242 (a) and 14-242 (b). The plaintiff also alleged that the defendant failed to sound his horn, failed to stop or slow down, failed to keep a proper lookout and failed to keep his vehicle under control. In the second count, sounding in recklessness, the plaintiff alleged that the defendant recklessly operated his vehicle by not "yielding to the plaintiff . . . [and instead] he attempted to race or `beat' the plaintiff through the intersection." Complaint, Second Count, ¶ 3a. The plaintiff also alleged, in the CT Page 15198 second count, that the defendant operated his motor vehicle recklessly in violation of General Statutes § 14-222. Complaint, Second Count, ¶ 3b. Finally, in a separate third count, the plaintiff pleaded a violation of General Statutes § 14-295 by specifically alleging that the defendant operated his motor vehicle in violation of General Statutes §§ 14-218a and 14-222.[1]
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 588,693 A.2d 293 (1997). In ruling on a motion to strike the court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089
(1998).
The defendant argues that the negligence count is essentially the same as the recklessness count and that, therefore, the complaint fails to meet the pleading requirements to state a cause of action in recklessness. The plaintiff argues that the language of the second and third counts is sufficient to state a cause of action in recklessness.
"There is a wide difference between negligence and reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on. . . . Simply using the word "reckless' or `recklessness' is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made." (Internal quotation marks omitted.) Dumond v. Denehy, 145 Conn. 88, 91, 139 A.2d 58, (1958). "Reckless misconduct is highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Internal quotation marks omitted.) Paternostrov. Arborio Corp., 56 Conn. App. 215, 221, ___ A.2d ___ (1999).
Construing the second count of the complaint in the manner most favorable to the plaintiff, the allegation that the defendant sought to "to race or `beat' the plaintiff through the intersection" is sufficient to inform the court and opposing counsel that reckless conduct is relied upon. Moreover, the allegation in the recklessness count does not generally repeat the allegations of the negligence count. The allegation sets forth facts, which if proven true, indicate "a reckless disregard of the just rights or safety of others or of the consequences of the CT Page 15199 action." West Haven v. Hartford Ins. Co., 221 Conn. 149, 160, 602 A.2d 988
(1992). The second count of the complaint, therefore, sufficiently states a cause of action sounding in recklessness.
With respect to a violation of General Statutes § 14-295, the appellate courts have not yet determined the specificity required for pleading under this statute. Torres v. Jacovino, Superior Court, judicial district of Waterbury, Docket No. 0150549 (May 12, 2000, Dorherty J.). There is a split in the Superior Court on the issue of whether a plaintiff must plead the specific facts constituting recklessness, beyond the facts constituting negligent conduct or whether the plaintiff need only allege that the defendant has deliberately or with reckless disregard operated a motor vehicle in violation one of the statutes set forth in § 14-295.[2] This court has never addressed the issue of proper pleading under § 14-295. Regardless of which pleading requirements the court finds more persuasive, the plaintiff has properly pleaded recklessness sufficiently under either approach. The court has determined, supra, that the plaintiff alleged separate conduct that if proven would constitute recklessness. The plaintiff has also pleaded that the conduct violated one of the enumerated statutes pursuant to §14-295.
Because the plaintiff has sufficiently pleaded allegations to state a cause of action for recklessness and double/treble damages pursuant to § 14-295, the motion to strike the second and third counts of the plaintiff's complaint is denied.
It is so ordered.
By the court,
Arena, J.