CHRISTOPHER CHAPPELL *v.* MANAFORT
BROTHERS, INC., ET AL.
(AC 20701)

Schaller, Mihalakos and O'Connell, Js.

Argued March 23—officially released June 5, 2001

*Robert M. Fitzgerald*, for the appellant (plaintiff).

*Nancy S. Rosenbaum*, with whom, on the brief, was *Gregory C. Goodstein*, for the appellees (defendants).

*Opinion*

MIHALAKOS, J. The plaintiff, Christopher Chappell, appeals from the decision of the workers' compensation review board (board) upholding the finding and award of the trial commissioner (commissioner). On appeal, the plaintiff claims that the board improperly affirmed the commissioner's finding that he was owed only specific indemnity benefits for an 11 percent impairment of his right knee because there was no evidence that compensation was paid or payable to him with regard to a previous disability to that same knee. We affirm the decision of the board.

The following facts and procedural history are necessary to our resolution of this appeal. The plaintiff injured his right knee in a motor vehicle accident in January, 1989, and subsequently commenced an action and insurance claim to recover for his injuries. He underwent two surgeries on his right knee, including reconstruction and repair of his anterior cruciate ligament. The plaintiff's treating physician, Joseph Zeppieri, assigned a permanent, partial disability rating of 15 percent to the plaintiff's right knee as a result of the 1989 accident. The plaintiff received $100,000 in settlement as a result of his legal action. At the time of the settlement, evidence was submitted showing that Zeppieri had assigned a 15 percent permanent, partial disability rating to the plaintiff's right knee as a result of the accident.

On October 20, 1997, the plaintiff reinjured his right knee while in the employ of the defendant Manafort Brothers, Inc.[1] Zeppieri performed surgery for the

[1] Liberty Mutual Insurance Company also is a defendant. It is the insurer of the defendant Manafort Brothers, Inc.

injury. Zeppieri assigned the plaintiff a permanent, partial disability rating of 32 percent for his right leg at or above the knee, and divided that as 15 percent preexisting disability and 17 percent disability related to the work-related injury. The defendants' physician, Robert Fisher, an orthopedist, also examined the plaintiff. Fisher assigned the plaintiff a permanent, partial disability rating of 20 percent for his right knee—12.5 percent preexisting disability and 7.5 percent disability related to the October 20, 1997 injury. The parties entered into a stipulation[2] and arrived at a compromised total rating of 26 percent from both incidents for the plaintiff's lower right leg injury.

In a finding and award dated April 9, 1999, the commissioner ruled that 15 percent of the plaintiff's entire disability to his right knee was due to the January, 1989, injury and that the plaintiff had been compensated for that disability as part of his $100,000 personal injury recovery. The commissioner, thereafter, deducted 15 percent from the plaintiff's entitlement in the case before this court and held that the defendants were responsible for compensating the plaintiff for the additional 11 percent permanent, partial disability to his lower right leg that resulted from the October 20, 1997 injury.

The plaintiff petitioned the board for review. The board affirmed the decision of the commissioner, stating that it was reasonable for the trier of fact to have inferred from the items in evidence that the plaintiff either received or could have received compensation as part of his recovery for his permanent knee impairment.

---

[2] Although the actual stipulation of the parties is not contained in the record before us, both parties, in their briefs, have referred to a stipulation that is consistent with the finding of the commissioner that "[t]he parties agreed that whatever the outcome of this hearing, the [plaintiff] has a total of twenty-six (26%) percent permanent partial disability as a result of both injuries."

The plaintiff first claims that the board improperly affirmed the commissioner's finding that he was owed specific indemnity benefits only for an 11 percent impairment of his right knee because there was no evidence that compensation was paid or payable to him with regard to a previous disability resulting from a prior motor vehicle accident. We disagree.

"The standard applicable to the board when reviewing a commissioner's decision is well established. The board sits as an appellate tribunal reviewing the decision of the commissioner. . . . [T]he review [board's] hearing of an appeal from the commissioner is not a de novo hearing of the facts. . . . [T]he power and duty of determining the facts rests on the commissioner . . . . The commissioner may base his or her findings on circumstantial evidence . . . . Where the subordinate facts allow for diverse inferences, the commissioner's selection of the inference to be drawn must stand unless it is based on an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." (Citations omitted; internal quotation marks omitted.) *Paternostro* v. *Arborio Corp.*, 56 Conn. App. 215, 218–19, 742 A.2d 409 (1999), cert. denied, 252 Conn. 928, 746 A.2d 788 (2000).

"This court's review of decisions of the board is similarly limited. . . . The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . [W]e must interpret [the commissioner's finding] with the goal of sustaining that conclusion in light of all of the other supporting evidence. . . . Once the commissioner makes a factual finding, [we are] bound by that finding if there is evidence in the record to support it." (Citations omitted; internal quotation marks omitted.) Id., 219.

"The legislative history and genealogy of [Public Acts 1979, No. 79-376 (P.A. 79-376)] indicate that the phrase less any compensation benefits payable or paid with respect to the previous disability was intended to prevent claimants who previously had been awarded partial permanent compensation benefits pursuant to General Statutes §§ 31-308 (b)[3], 31-309[4] and 31-295 (c)[5] for a first work-related injury from recovering duplicative compensation for that first injury pursuant to § 31-349[6]. . . . [I]n 1993, pursuant to Public Acts 1993, No.

[3] General Statutes § 31-308 (b) provides in relevant part: "With respect to the following injuries, the compensation, in addition to the usual compensation for total incapacity but in lieu of all other payments for compensation, shall be seventy-five per cent of the average weekly earnings of the injured employee, calculated pursuant to section 31-310 . . . but in no case more than one hundred per cent, raised to the next even dollar, of the average weekly earnings of production and related workers in manufacturing in the state, as determined in accordance with the provisions of section 31-309, or less than fifty dollars weekly. . . ."

[4] General Statutes § 31-309 (a) provides: "Except as provided in section 31-307, the weekly compensation received by an injured employee under the provisions of this chapter shall in no case be more than one hundred per cent, raised to the next even dollar, of the average weekly earnings of all workers of the state as hereinafter defined for the year in which the injury occurred except that the weekly compensation received by an injured employee whose injury occurred before July 1, 1993, shall be computed according to the provisions of law in effect at the time of his injury. In the case of an occupational disease, the time of injury shall be the date of total or partial incapacity to work as a result of such disease."

[5] General Statutes § 31-295 (c) provides in relevant part: "If the employee is entitled to receive compensation for permanent disability to an injured member in accordance with the provisions of subsection (b) of section 31-308, the compensation shall be paid to him beginning not later than thirty days following the date of the maximum improvement of the member or members and, if the compensation payments are not so paid, the employer shall, in addition to the compensation rate, pay interest at the rate of ten per cent per annum or such sum or sums from the date of maximum improvement. The employer shall ascertain at least monthly whether employees are entitled to compensation because of a loss of wages as a result of the injury and, if there is a loss of wages, shall pay the compensation. . . ."

[6] General Statutes § 31-349 (a) provides: "The fact that an employee has suffered a previous disability, shall not preclude him from compensation for a second injury, nor preclude compensation for death resulting from the second injury. If an employee having a previous disability incurs a second

93-228, § 24 . . . the legislature amended General Statutes (Rev. to 1993) § 31-349 to provide that the phrase compensation payable or paid with respect to the previous disability includes compensation payable or paid pursuant to the provisions of this chapter, as well as any other compensation payable or paid in connection with the previous disability, regardless of the source of such compensation. . . . [Public Act] 79-376 was intended to limit the liability of both the second employer and the fund by requiring that, in calculating the amount of benefits due the claimant for the claimant's second injury, a deduction be taken for any compensation benefits that the claimant already is entitled to recover for his first injury . . . ." (Citations omitted; internal quotation marks omitted.) *Fimiani* v. *Star Gallo Distributors, Inc.*, 248 Conn. 635, 648–50, 729 A.2d 212 (1999).

The plaintiff is correct in his assertion that §§ 31-308 (b) and 31-349 provide for reduction in the amount of benefits owed when the defendants establish that he has a previous disability for which compensation is paid or payable. The plaintiff, however, incorrectly asserts that he does not have a previous disability for which compensation is paid or payable. The plaintiff himself stipulated to the existence of his previous permanent, partial disability stemming from the motor vehicle accident. At the time of the $100,000 settlement for his 1989

---

disability from a second injury resulting in a permanent disability caused by both the previous disability and the second injury which is materially and substantially greater than the disability that would have resulted from the second injury alone, he shall receive compensation for (1) the entire amount of disability, including total disability, less any compensation payable or paid with respect to the previous disability, and (2) necessary medical care, as provided in this chapter, notwithstanding the fact that part of the disability was due to a previous disability. For purposes of this subsection, 'compensation payable or paid with respect to the previous disability' includes compensation payable or paid pursuant to the provisions of this chapter, as well as any other compensation payable or paid in connection with the previous disability, regardless of the source of such compensation."

knee injury, the plaintiff submitted evidence of his 15 percent disability rating. That rating formed at least part of the basis for the settlement. Therefore, not only did the plaintiff suffer an injury for which compensation was *payable*, but compensation was actually paid to him.

The plaintiff further errs in interpreting § 31-349 as requiring affirmative proof that actual, specific benefits have been paid to him as compensation for his previous disability. Section 31-349 precludes the plaintiff from receiving compensation for his 1989 injury as part of his 1999 compensation. Following the 1997 job related reinjury of the plaintiff's right knee, the plaintiff and the defendants entered into a stipulation assigning the plaintiff's right knee a total permanent, partial disability rating of 26 percent. The commissioner found that 15 percent of the plaintiff's entire disability to the right knee was due to the 1989 injury and, because the plaintiff had been compensated for that disability as part of the $100,000 settlement, the defendants were responsible for compensating him for the remaining 11 percent.

The commissioner's ruling was supported by ample evidence in the record, and it correctly applied § 31-349 (a). The board properly upheld that decision, stating that it was reasonable for the trier of fact to infer from the items in evidence that the plaintiff, as part of his $100,000 recovery, had either received or could have received compensation for the permanent, partial disability to his right knee.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.