## RICHARD BROOKS ET AL. *v.* ELECTRIC BOAT CORPORATION ET AL.
### (AC 32632)

Gruendel, Lavine and Espinosa, Js.

Argued November 7, 2011—officially released February 7, 2012

*Joseph J. Passaretti, Jr.*, with whom, on the brief, was *Sean B. Reidy*, for the appellant (defendant Connecticut Insurance Guaranty Association).

*Melissa Olson Riley*, for the appellees (plaintiffs).

*Lucas D. Strunk*, for the appellees (named defendant et al.).

*Gregory J. Vetter*, with whom, on the brief, was *Thomas M. McKeon*, for the appellees (defendant Ebasco Services, Inc., et al.).

*Robert J. Enright*, for the appellees (defendant Benzolene Energy Company et al.).

*Frank Ancona*, for the appellees (defendant C.N. Flagg & Company, Inc., et al.).

*Opinion*

GRUENDEL, J. The defendant Connecticut Insurance Guaranty Association[1] appeals from the decision of the workers' compensation review board (board) affirming the determination by the workers' compensation commissioner for the first district (commissioner) that W.J. Barney Corporation[2] (Barney) was the party responsible under General Statutes § 31-299b for the death of

---

[1] Connecticut Insurance Guaranty Association was the only defendant to appeal from the commissioner's decision. We thus refer to it as the defendant in this opinion. Other entities named as defendants were Electric Boat Corporation, Ebasco Services, Inc., Broadspire, C.N. Flagg & Company, Inc., Liberty Mutual Insurance Company, ABB Combustion Engineering, CNA Insurance Company, ACE USA, Benzoline Energy Company, Crum & Forster, Stone & Webster, John P. Bell & Sons, Carrier Corporation, Travelers Indemnity, Bechtel Corporation, Nationwide Insurance, and The Hartford Insurance Group/Specialty Risk Services.

[2] Legal liability for Barney was transferred to the defendant after Barney's insurer was declared insolvent.

the plaintiff Richard Brooks (decedent).[3] On appeal, the defendant claims that the board erred in affirming the commissioner's decision because (1) the commissioner's determinations that the decedent was exposed to asbestos while employed by Barney in 1988, and that such exposure was the decedent's last injurious exposure, were not supported by the evidence, (2) the decision "contains numerous conclusions and omissions that are unsupported, or unreasonably drawn from the subordinate facts" and (3) the commissioner erroneously concluded that the decedent's exposure to asbestos after 1988 was "speculative and de minimis at best."[4] We affirm the board's decision.

The following facts were found by the commissioner. The plaintiff Nena Brooks is the dependent widow of the decedent.[5] The decedent worked for various employers from approximately 1969 through 1995. The decedent was employed by Electric Boat Corporation as a welder in 1969 and was exposed to significant amounts of asbestos. From 1969 to 1975, he worked for Barney

---

[3] General Statutes § 31-299b provides in relevant part: "If an employee suffers an injury or disease for which compensation is found by the commissioner to be payable according to the provisions of this chapter, the employer who last employed the claimant prior to the filing of the claim, or the employer's insurer, shall be initially liable for the payment of such compensation. . . ."

[4] The defendant also claimed that the board improperly affirmed the commissioner's decision holding it initially liable for payment of benefits pursuant to § 31-299b on the basis that holding the defendant initially liable for the award under § 31-299b conflicts with General Statutes § 38a-845 (a) of the Connecticut Insurance Guaranty Association Act, General Statutes § 38a-836 et seq., which requires the exhaustion of all other insurance policies covering the same claim before recovery is permitted from the defendant. The defendant withdrew this claim at oral argument before this court as a result of our Supreme Court's decision in *Franklin* v. *Superior Casting*, 302 Conn. 219, 223, 24 A.3d 1233 (2011), which concluded that "holding [the defendant] liable for an insolvent insurer's obligations under § 31-299b as the last insurer on the risk does not conflict with § 38a-845."

[5] During the pendency of these proceedings, the plaintiff Richard Brooks died. We refer herein to Nena Brooks as the plaintiff.

and was exposed to significant amounts of asbestos. Following his employment with Barney, the decedent was employed by Bechtel Corporation in 1973 and 1974, Ebasco Services, Inc., in 1974 and 1975, C.N. Flagg & Company, Inc., in 1979 and Crouse in 1980, 1981 and 1982. At each of these jobs, the decedent was exposed to asbestos. In 1988, the decedent was employed again by Barney, where he again was exposed to asbestos.

On July 19, 2002, the decedent was diagnosed with lung cancer. On April 2, 2004, he was examined by Arthur C. DeGraff, Jr., a physician, who confirmed the diagnosis of lung cancer and opined that the exposure to asbestos over the decedent's entire employment history was a substantial and significant contributing factor in causing the cancer. DeGraff further opined that the decedent's asbestos exposure through the early 1980s and mid-1980s resulted in the development of his cancer. The decedent died of lung cancer on April 28, 2004. Susan M. Daum, a physician, performed a records review of the decedent on October 20, 2004, and opined that his occupational exposure to asbestos was a substantial and significant contributing factor in the development of his lung cancer and resulting death.

Thereafter, the plaintiff sought survivor's benefits under General Statutes § 31-306. Formal hearings were held before the commissioner on November 6, 2007, April 14 and July 10, 2009. The commissioner credited the testimony of the decedent regarding his exposure to asbestos[6] and credited the opinions and testimony of Daum and DeGraff as to the issues of causation and the resulting death of the decedent. The commissioner concluded that the decedent developed occupational lung cancer as a result of asbestos exposure. The commissioner concluded further that Barney was the responsible party pursuant to § 31-299b because the

---

[6] The decedent testified via deposition on two occasions.

decedent's exposure during employment subsequent to 1988 was minimal and was not a substantial contributing factor to the decedent's lung cancer.

Several postdecision motions were filed. In particular, the defendant filed a motion for articulation requesting the commissioner to clarify six issues. The commissioner granted one of the six requests and articulated that, while he found the decedent to be a credible and persuasive witness, he found the decedent's testimony regarding his exposure to asbestos at any employer subsequent to Barney to be "speculative and de minimis at best." The defendant appealed that decision to the board.

On appeal to the board, the defendant argued that the commissioner's conclusion that the decedent was last exposed to significant amounts of asbestos while employed by Barney in 1988 was not supported by evidence in the record. The board affirmed the commissioner's finding and award, determining that the evidence in the record satisfactorily established that, as of 1988, the decedent was still exposed to a substantial level of workplace asbestos and that Barney is therefore the responsible party. This appeal followed. Additional facts will be set forth as necessary.

"The principles that govern our standard of review in workers' compensation appeals are well established. . . . The board sits as an appellate tribunal reviewing the decision of the commissioner. . . . [T]he review . . . of an appeal from the commissioner is not a de novo hearing of the facts. . . . [T]he power and duty of determining the facts rests on the commissioner . . . . [T]he commissioner is the sole arbiter of the weight of the evidence and the credibility of witnesses . . . . Where the subordinate facts allow for diverse inferences, the commissioner's selection of the inference to be drawn must stand unless it is based on an

incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . .

"This court's review of decisions of the board is similarly limited. . . . The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . [W]e must interpret [the commissioner's finding] with the goal of sustaining that conclusion in light of all of the other supporting evidence. . . . Once the commissioner makes a factual finding, [we are] bound by that finding if there is evidence in the record to support it." (Citations omitted; internal quotation marks omitted.) *Williams* v. *State*, 124 Conn. App. 759, 763–64, 7 A.3d 385 (2010).

I

The defendant claims that the board acted improperly in affirming the commissioner's finding because the commissioner's conclusion that the decedent was exposed to asbestos while employed by Barney, and that such exposure was the last injurious exposure, resulted from inferences unreasonably drawn from the subordinate facts. We disagree.

The commissioner credited the testimony of the decedent as to his work history and exposure to asbestos. Indeed, the decedent's testimony was the only evidence presented regarding his work history and asbestos exposure. The decedent testified that when he returned to Barney in 1988, he worked in areas where there was asbestos, and the asbestos was disturbed by other workers. The decedent removed gaskets and piping with asbestos lagging and worked around asbestos, testifying specifically to working around old steam lines with pulverized asbestos on them. Regarding his exposure to asbestos following his 1988 employment with

Barney, the decedent testified that it was minimal, and that the bulk of his exposure occurred before that. The commissioner credited the physicians' opinions with respect to causation, and the physicians concurred that occupational exposure to asbestos caused the decedent's lung cancer and death.

In arguing that the evidence does not support the finding that the decedent was last injuriously exposed to asbestos in 1988, the defendant points to the testimony and opinions of the two physicians. DeGraff opined that the decedent's lung cancer resulted from exposure to asbestos dust and included all employment with such exposure up through "the early 1980s" or "mid-1980s." Daum opined that all exposure to asbestos was "cumulative and injurious," including exposure past 1988. The defendant contends that in light of this conflicting testimony, the commissioner reasonably could not have concluded that Barney was the responsible party.

"[I]t is the commissioner's duty to evaluate the weight of the medical evidence and the credibility of the witnesses . . . and the commissioner's conclusions cannot be reversed simply because the plaintiff's own evaluations of the findings causes him to reach a contrary conclusion. Unless the factual findings on which the commissioner bases his conclusion are clearly erroneous, or there is no evidence in the record to support the conclusion, the conclusion must stand." (Citation omitted.) *D'Amico* v. *Dept. of Correction*, 73 Conn. App. 718, 725, 812 A.2d 17 (2002), cert. denied, 262 Conn. 933, 815 A.2d 132 (2003). As the board also noted, "it is proper to consider medical evidence *along with all other evidence* to determine whether an injury is related to the employment." (Emphasis in original.) *Marandino* v. *Prometheus Pharmacy*, 294 Conn. 564, 595, 986 A.2d 1023 (2010). Our review of the commissioner's decision persuades us that his factual findings were not clearly

erroneous and that the evidence presented supported the commissioner's decision. Accordingly, we conclude that the board did not improperly affirm the decision of the commissioner that Barney is the responsible employer under § 31-299b.

II

The defendant further argues that the board improperly affirmed the commissioner's decision because the commissioner denied the defendant's motion to correct. We disagree.

Specifically, the defendant argues that the commissioner's decision contains conclusions and omissions that are unsupported by, or unreasonably drawn from, the subordinate facts, as alleged in its July 28, 2009 motion to correct, including (1) failing to include employers C.N. Flagg & Company, Inc., and Stone & Webster in his findings, (2) distinguishing the decedent's level of exposure to asbestos while employed by Benzoline Energy Company and Harry Grodsky & Co., Inc., from his exposure while employed by Barney, (3) concluding that DeGraff opined that the decedent's asbestos exposure extended through the mid-1980s and (4) concluding that the decedent's exposure to asbestos at subsequent employers was minimal and not injurious. The defendant argues that because of these conclusions and omissions, it was error for the board to affirm the commissioner's decision.

The board affirmed the commissioner's denial of the defendant's motion to correct because the "motion sought to interpose the [defendant's] conclusions as to the law and the facts presented." In *D'Amico* v. *Dept. of Correction*, supra, 73 Conn. App. 728, this court noted: "In his motion to correct, the plaintiff merely seeks to have the commissioner conform his findings to the plaintiff's view of the facts. It is the commissioner,

however, who must determine which portions of a witness' statement or what medical opinions are credible, and, therefore, helped form the basis of the commissioner's conclusion. . . . The plaintiff cannot expect the commissioner to substitute the plaintiff's conclusions for his own." Likewise, in the present case, the defendant's motion to correct sought to substitute its view of the facts and testimony for that of the commissioner. "It is the commissioner, however, who has the discretion to determine the facts." *Testone* v. *C. R. Gibson Co.*, 114 Conn. App. 210, 222, 969 A.2d 179, cert. denied, 292 Conn. 914, 973 A.2d 663 (2009). Because the findings and award of the commissioner were supported by the evidence, we conclude that the board properly affirmed the commissioner's denial of the defendant's motion to correct.

## III

The defendant also claims that the board improperly affirmed the commissioner's conclusion that the decedent's testimony concerning his exposure to asbestos after 1988 was "speculative and de minimis at best." We disagree.

In response to the defendant's July 28, 2009 motion for articulation, the commissioner issued one articulation. The defendant sought articulation of the commissioner's findings that the decedent's exposure to asbestos following his 1988 employment with Barney was minimal. On August 13, 2009, the commissioner issued a corrected finding that stated: "While finding the [decedent] persuasive and credible on all issues, his testimony concerning his exposure with those [employers] . . . after his employment with W.J. Barney Corporation in 1988 was speculative and de minimis at best." The board determined that the commissioner found "the exposure standard required under our precedent was not met by employers subsequent to . . . Barney." Our precedent "requires that the employment, or

the risks incidental thereto, contribute to the development of the injury in *more than a de minimis way."* (Emphasis in original.) *Birnie* v. *Electric Boat Corp.,* 288 Conn. 392, 412–13, 953 A.2d 28 (2008).

The defendant argues that the board improperly affirmed the commissioner's conclusion because there was no medical evidence to support the conclusion that the decedent's exposure after 1988 was speculative and de minimis. The commissioner did not determine that the decedent's *exposure* was de minimis; rather, he concluded that the decedent's *testimony* regarding his exposure after 1988 was de minimis. We are bound by a factual determination made by the commissioner if there is evidence in the record to support it. *Williams* v. *State,* supra, 124 Conn. App. 764.

The decedent's testimony regarding his employment history and asbestos exposure subsequent to 1988 was largely that he was not exposed to asbestos at all. For a few employers, he was not sure if he had been exposed, or he gave an unclear answer. For example, when questioned if he was exposed to asbestos while at Bechtel Corporation, he responded that he did not recall. When asked if he was exposed to asbestos while employed by Harry Grodsky & Co., Inc., the decedent responded: "No. I tried to get away from it." Our review of the record persuades us that there is evidence to support the commissioner's finding that the decedent's testimony regarding his work history and asbestos exposure after 1988 was speculative and de minimis. Accordingly, we conclude that the board did not err in affirming the decision of the commissioner.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.